IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH GOVAN,  :  <br>     Plaintiff,    : <br>                                 : <br>     v.     : <br>                                 : <br> PENNSYLVANIA HUMAN    : <br> RELATIONS COMMISSION, *et al.*,    : <br>     Defendants.    : | CIVIL ACTION NO. 25-CV-5442 |

**MEMORANDUM**

**MCHUGH, J.**                                                                             **OCTOBER 30, 2025**

       Plaintiff Kenneth Govan filed this *pro se* civil action against the Pennsylvania Human Relations Commission ("PHRC") and the following PHRC employees: Meredith A. Millard, Esquire, identified in the Complaint as Chief Counsel, Stephanie M. Chapman, Esquire, identified as Assistant Chief Counsel, Chaniqua A. Rue, identified as a "PA Human Relations Representative," and Morgan Gale William, Esquire. (*See* ECF No. 1 ("Compl.") at 1-2.) Govan also moves for leave to proceed *in forma pauperis*. (ECF No. 3.) For the following reasons, the Court will grant the request to proceed *in forma pauperis* and dismiss the Complaint. The claims against the PHRC will be dismissed with prejudice. The remainder of the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to comply with Rule 8. Mr. Govan will be granted leave to file an amended complaint.

I.   **FACTUAL ALLEGATIONS**[1]

Mr. Govan utilized a form complaint available to unrepresented litigants to file a civil case alleging negligence. (Compl. at 1-5.) He filed his Complaint along with more than one hundred pages of exhibits, including copies of decisions from the PHRC and the Equal Employment Opportunity Commission ("EEOC"), Pennsylvania state court filings, email correspondence, and medical and financial information. (Compl. at 6-16, ECF No. 2 at 1-95.) The Court considers the entire submission to constitute Govan's Complaint. On October 8, 2025, Govan filed an additional twenty-six pages, consisting of pleadings submitted to the PHRC in 2021 and recent correspondence from Govan to the Deputy Chief Counsel of the PHRC. (ECF No. 6.)

Mr. Govan's allegations are disjointed and impossible to decipher. He begins his statement of claim by asserting that on May 20, 2022 in Philadelphia, the Executive Director for the PHRC issued a "Finding of No Probable Cause . . . without any VERIFICATION on the document from any Amazon Representative authentication." (Compl. at 4.) He lists a PHRC case number, an EEOC case number, and mentions a September 14, 2023 Opinion from the Court of Common Pleas of Philadelphia County. (*Id.*) Govan includes the following quote from the Opinion: "The PHRC found that on June 21, 2021, defendant conducted a seek to understand (STU) to ascertain whether Govan had an issue that caused that large number of errors." (*Id.*) He then mentions a statement made by an unidentified PHRC representative on September 16,

---

[1] The factual allegations set forth in this Memorandum are taken from Govan's Complaint. (ECF No. 1). The Court adopts the pagination assigned by the CM/ECF docketing system. On October 8, 2025, Govan filed twenty-six additional pages. (ECF No. 6.) These pages include PHRC pleadings and correspondence between Govan and the PHRC. Govan also includes a typewritten section with excerpts of the exhibits filed with the Court, most of which are repetitive of the excerpts in the pages following the Complaint. (Compl. at 8-16; ECF No. 6 at 4-6, 9-11.)

2024 that is incomplete.  (*Id.*)  He quotes from a February 1, 2023 Occupational Safety and Health Administration ("OSHA") national news release stating that "OSHA investigators found Amazon exposed warehouse workers to a high risk of low back injuries and other MUSCULOSKELETAL DISORDERS."  This news release is filed as an exhibit to his Complaint, but there is no explanation provided by Govan as to its connection to his claims.  (*See* ECF No. 2 at 40-41.)  The Complaint directs the Court to "please refer" to attached exhibits.  (Compl. ECF at 4.)  Govan alleges mental and emotional stress, "WES Mental Health," and he refers to the Americans with Disabilities Act, claiming that he was diagnosed in May 2021 with "MUSCULOSKELETAL."  (*Id.*)  Mr. Govan does not state what damages or relief he seeks from the Court, nor does he set forth any facts explaining why he may be entitled to relief.

      Part of Govan's Complaint is a nine-page typewritten "summary."  (*Id.* at 6-16.)  This section contains numerous excerpts of the exhibits filed in conjunction with the Complaint, several "Question[s] for the Court," and names of cases without further explanation.  (*See, e.g.*, ECF No. 1 at 9.[2])  In the summary, Govan states that he "believe[s] [his] rights under the 6th Amendment, confronting an allegation were denied – Crawford v. Washington."[3]  (Compl. at

---

[2] On this particular page of the summary, Govan appears to restate portions from (1) a PHRC Finding of No Probable Cause from May 20, 2022, (2) a September 16, 2024 letter from Stephania M. Chapman, Esquire to the Commonwealth Court of Pennsylvania, (3) a Notice to Plead, Withdrawal of Appearance, and Certificate of Service  filed in the Commonwealth Court, (4) a June 5, 2022 letter Govan sent to the Enforcement Division of the PHRC, and (5) a Preliminary Hearing Notification from the PHRC.  (*See* ECF No. 1 at 9 and ECF No. 2 at 1-9, 11.)  He also list "Brady v. Maryland: 373 U.S. 83" and poses the following questions to the Court: "Why is this document not address[ed] to Jessica Denison, the lawyer of Amazon Inc. on record?" and "Where is the original copy of Meredith A. Millard, Esquire, document denying me, Kenneth Govan of a Preliminary Hearing?"  (ECF No. 1 at 9.)

[3] The Confrontation Clause of the Sixth Amendment guarantees the right to confront witnesses presented against the criminally accused and is not applicable to this civil case.  *See Austin v. United States*, 509 U.S. 602, 608 (1993) ("The protections provided by the Sixth Amendment are explicitly confined to criminal prosecutions.").

10.)  He also lists the Fifth and Fourteenth Amendments, mentioning due process.[4]  (*Id.*)  He cites to various Pennsylvania criminal statutes, federal case names, and rules of federal civil procedure and evidence, without further explanation.  (*Id.* at 9-14, 16.)

In this section, Mr. Govan refers to a Finding of No Probable Cause that was issued by the PHRC on May 20, 2022 with respect to his disability discrimination complaint against his former employer, Amazon, Inc.  (Compl. at 8; ECF No. 2 at 1-2.)  It appears that following that determination, Govan requested a preliminary hearing, and questions why Defendant Meredith A. Millard, Esquire did not provide him with a "document denying [him] . . . of a Preliminary Hearing."  (Compl. at 9-10; ECF No. 2 at 8, 11-12.)  Govan refers to a letter dated June 1, 2022 from the PHRC acknowledging receipt of his preliminary hearing request.  (Compl. at 10; ECF No. 2 at 11.)  According to that letter, Govan's case file was being "referred to the Legal

---

[4] The Due Process Clause of the Fifth Amendment provides that no person may be "deprived of life, liberty, or property without due process of law."  U.S. Const. amend. V.  However, the Fifth Amendment only applies to the federal government – it does not govern state officials.  *See Fullman v. City of Philadelphia*, No. 22-4282, 2023 WL 6881040, at *3 (E.D. Pa. Oct. 17, 2023), *aff'd*, No. 23-3073, 2024 WL 1637550 (3d Cir. Apr. 16, 2024) (citing *Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) ("the due process clause under the Fifth Amendment only protects against federal governmental action and does not limit the actions of state officials").

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  To state a plausible Fourteenth Amendment due process claim, a plaintiff must allege that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law."  *Rosado v. City of Coatesville*, No. 19-2426, 2020 WL 1508351, at *3 (E.D. Pa. Mar. 30, 2020) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 255, 234 (3d Cir. 2006)).  "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."  *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).  "[T]he relevant inquiry is what process [the plaintiff] received, not whether the state court decided the case correctly."  *Torres v. City of New York through New York City Dep't*, 590 F. Supp. 3d 610, 618 (S.D.N.Y. 2022) (citing *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (*per curiam*)).  "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants."  *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000).

Division for a review of the investigation" and "[u]pon completion of legal staff's review, the case will be presented to the full Commission for a formal decision on whether the Request for a Preliminary Hearing should be granted or denied."  (ECF No. 2 at 11.)  Mr. Govan does not provide any further information as to whether he received a "formal decision."  However, a document submitted to the Commonwealth Court of Pennsylvania by Defendant Millard indicates that a formal decision of denial may have been made on August 25, 2022 as it appears that someone, seemingly Govan as the listed Appellant, filed an appeal from that decision with the Commonwealth Court.  (ECF No. 2 at 6.)  It is unclear whetherMr. Govan is attempting to assert a due process violation in connection with his request for a preliminary hearing.

Some of Govan's "Questions for the Court" include why the legal representative for Amazon "failed to validate the 'Finding of No Probable Cause,' document dated May 20, 2022."  (Compl. at 12.)  As best as the Court can surmise, Mr. Govan appears to argue that the PHRC made the May 20, 2022 determination without referencing or considering information that he thought was necessary.  For instance, he mentions the lack of an incident report for June 27, 2021 (*id.* at 8), the lack of an Amazon print out (*id.* at 12), and the fact that he never met with anyone from Amazon management on June 21, 2021 (*id.* at 13).  Govan asserts that he was told by Defendant Chaniqua A. Rue, the Human Relations Representative for the PHRC, on November 8, 2021, to "hold onto all your evidence" until Rue contacted him to submit it.  (Compl. at 13; ECF No. 2 at 21.)  Mr. Govan seemingly questions how the PHRC was able to "arrive at a decision of 'Finding No Probable Cause,' when there is no file?"  (Compl. at 12.)  Govan refers to a letter sent from Defendant Stephanie M. Chapman, Esquire to the Commonwealth Court of Pennsylvania on September 16, 2024.  (Compl. at 14.)  This letter provides as follows:

> Please be aware that a certified record does not exist for the above Petition for Review. The Commission conducted an investigation and determined that there was insufficient evidence of discrimination in this matter.

(ECF No. 2 at 3-4.)  In short, the Court is unclear as to whether Mr. Govan is asserting that he was denied due process because he was not provided an opportunity to submit information he perceived as pertinent to the PHRC determination.  However, any such assertion may be contrary to other exhibits provided by Govan.  Specifically, one particular exhibit indicates that Govan was advised by Defendant Rue to provide records of his disability and include "any documents, witness statements and/or any documents [the PHRC] should request from [Amazon] . . . by May 16, 2022.  (ECF No. 2 at 17-18.)

## II.    STANDARD OF REVIEW

BecauseMr.  Govan appears to be unable to pay the fees to commence this civil action, the Court will grant him leave to proceed *in forma pauperis*.  Accordingly, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to screen and dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted);

*Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it by name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

A complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a short and plain statement of "the grounds for the court's jurisdiction" and "of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." *March v. Dep't of Defense*, No. 25-1650, 2025 WL 2417754, at *2 (3d Cir. Aug. 21, 2025) (*per curiam*) (citing Fed. R. Civ. P. 8(a)(1)-(3). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).

"Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (cleaned up). The important

7

consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). In other words, "[a] complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III.    DISCUSSION

Mr. Govan appears to assert due process claims, which may be brought in a federal court pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Liberally construing his claims, it appears that Govan avers that his due process rights were violated by Defendants at some point during the resolution of his disability discrimination complaint against his former employer, Amazon, Inc. Given the nature of his pleadings, the Court is unable to decipher his due process claims any further. Specifically,

the Court is unable to determine when the alleged due process violation(s) occurred and who was allegedly responsible for the violation(s).

Despite the difficulty understanding the exact nature of Mr. Govan's claims, the Court concludes that his claims against the PHRC are not legally plausible. The Commonwealth of Pennsylvania, including its departments and agencies, is not considered a "person" who may be liable under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity, *id.*, and the Commonwealth of Pennsylvania has not waived that immunity for claims under § 1983. *See* 42 Pa. Cons. Stat. § 8521(b). The PHRC, as an agency of the Commonwealth, shares in the Commonwealth's immunity, and it is not a "person" for purposes of § 1983. *Opoku v. Educ. Comm'n for Foreign Med. Graduates*, 574 F. App'x 197, 201 (3d Cir. 2014) (*per curiam*) ("[t]he PHRC is an administrative commission within the executive department of the Commonwealth of Pennsylvania and, as such, it shares in the Commonwealth's Eleventh Amendment immunity."); *Gary v. Pennsylvania Hum. Rels. Comm'n*, 497 F. App'x 223, 226 (3d Cir. 2012) (*per curiam*) ("As a state agency, the PHRC and its employees, acting in their official capacities, are entitled to sovereign immunity as to Gary's federal claims, and they were properly dismissed."). Accordingly, Mr. Govan's claims against the PHRC must be dismissed, and dismissed with prejudice.

With respect to Mr. Govan's remaining claims against the individually named Defendants, he has failed to allege their personal involvement in any constitutional injury. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (the personal involvement of each defendant in the alleged constitutional violation is a required element and a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims). As

noted above, a complaint must articulate actions taken by each defendant in relation to the plaintiff's claims in a manner that is not ambiguous or confusing. *Garrett*, 938 F.3d at 93. It is entirely unclear what each individual Defendant did, and how this conduct gives rise to a plausible claim. Indeed, to state a civil rights claim, a plaintiff must allege how each Defendant is personally involved in the alleged wrongdoing. *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Govan's Complaint does not satisfy this threshold.[5]

In addition, Govan's Complaint fails to comply with Rule 8 because he does not state a demand for relief, nor does he include facts to support a claim to relief. Although Mr. Govan mentions the Americans with Disabilities Act and due process (*see* Compl. at 4, 10), a "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other." *Campbell v. LVNV Funding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)); *Alexis v. Sessions*, No. 18-2099, 2018 WL 5077899, at *2 n.1 (D.N.J. Oct. 18, 2018). Having completed a form Complaint asserting negligence, Mr. Govan does not specify that he intends to assert a federal claim under the ADA or the U.S. Constitution with respect to any of the Defendants. He does not provide any narrative description of the facts that

---

[5] To the extent that Govan asserts that an individual Defendant violated his due process rights in connection with the May 20, 2022 PHRC Finding of No Probable Cause, he should be cognizant that claims asserted under § 1983 are subject to a two-year statute of limitations. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (explaining that the statute of limitations for § 1983 claims is governed by the personal injury tort law of the state where the cause of action arose and that Pennsylvania has a two-year statute of limitations for personal injury actions); *see also Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010).

would support the elements of any of these claims, nor does he provide a coherent articulation of facts explaining what the named Defendants did or not do that allegedly caused him injury leaving the Court to guess as to his claims.

     While the Court has reviewed the attachments to the Complaint (ECF No. 1 at 6-16, ECF Nos. 2 & 6),[6] a plaintiff cannot state a claim by relying solely on exhibits, absent factual allegations in the complaint that explain the basis for the plaintiff's claims against the defendants. *See Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint.").

     Mr. Govan presented his claims by submitting a form Complaint that cross-references his exhibits without any narrative description of facts and events explaining the basis for any legal claims. This is not an acceptable manner of pleading a claim in federal court. *See Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint.").

---

[6] In conducting a statutory screening under 28 U.S.C. § 1915(e)(2)(B), the Court may consider exhibits attached to a *pro se* plaintiff's complaint. *See Harris v. U.S. Marshal Serv.*, No. 10-328, 2011 WL 3607833, at *2 (W.D. Pa. Apr. 6, 2011), *report and recommendation adopted as modified*, 2011 WL 3625136 (W.D. Pa. Aug. 15, 2011) ("In addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in disposing of a motion to dismiss under Rule 12(b)(6), and hence, under the screening provisions of the PLRA.") (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994)).

Accordingly, Mr. Govan's Complaint must be dismissed for failure to comply with Rule 8 since merely attaching his PHRC and/or EEOC paperwork fails to provide the Defendants with sufficient notice to prepare their defense and the Court is not sufficiently informed to determine the nature of the claims. *See also Garrett*, 938 F.3d at 94; *Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Mr. Govan leave to proceed *in forma pauperis* and dismiss his Complaint. Govan's claims against the PHRC will be dismissed with prejudice and without leave to amend since any attempt would prove futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). The remainder of Govan's Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief and for failure to comply with Rule 8. Govan may file an amended complaint as to any claims dismissed without prejudice in order to "flesh out [his] allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of [his] claim." *Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)).

An appropriate Order follows.

BY THE COURT:

/s/ Gerald Austin McHugh
GERALD A. MCHUGH, J.