IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH GOVAN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-5442 |
| | : | |
| CHANIQUA A. RUE, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**MCHUGH, J.**                                                                 **JANUARY 8, 2026**

In a prior Memorandum and Order, the Court granted Plaintiff Kenneth Govan leave to proceed *in forma pauperis* and dismissed the Complaint he filed against the Pennsylvania Human Relations Commission ("PHRC") and its employees because he failed to comply with Federal Rule of Civil Procedure 8. *Govan v. Pa. Hum. Rels. Comm'n*, No. 25-5442, 2025 WL 3036502 (E.D. Pa. Oct. 30, 2025) ("the October Memorandum"). Mr. Govan was permitted an opportunity to file an amended complaint. Govan returned with an Amended Complaint on November 26, 2025. (ECF No. 9.) On December 10, 2025, he filed a Second Amended Complaint ("SAC"), which is the governing pleading,[1] naming the following PHRC employees: Chaniqua A. Rue, identified in the SAC as a Human Relations Representative; Meredith A. Millard, Esquire, identified as Chief Counsel; Stephanie M. Chapman, identified as Assistant Chief Counsel; and Morgan Gale Williams. (*See* SAC (ECF No. 10) at 3.) For the following reasons, the SAC will be dismissed with prejudice.

---

[1] *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (explaining that "an amended pleading supersedes the original pleading," meaning "the most recently filed amended complaint becomes the operative pleading"); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) ("[L]iberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings.").

I.        **PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS**[2]

Mr. Govan's original Complaint consisted of the form available to *pro se* litigants to file a civil case alleging negligence with more than one hundred pages of exhibits, including copies of decisions from the PHRC and the Equal Employment Opportunity Commission ("EEOC"), Pennsylvania state court filings, email correspondence, and medical and financial information. (Compl. (ECF No. 1), Exhibits (ECF No. 2).)  Govan subsequently filed an additional twenty-six pages, consisting of pleadings and correspondence with the PHRC.  (ECF No. 6.)

The allegations in Govan's original Complaint were disjointed and impossible to decipher.  Govan asserted that on May 20, 2022 in Philadelphia, the Executive Director for the PHRC issued a "Finding of No Probable Cause . . . without any VERIFICATION on the document from any Amazon Representative authentication."  (Compl. at 4.)  He listed a PHRC case number, an EEOC case number, mentioned a September 14, 2023 Opinion from the Court of Common Pleas of Philadelphia County, quoted from a February 1, 2023 Occupational Safety and Health Administration ("OSHA") national news release, and directed the Court to refer to attached exhibits.  (*Id.*)  Govan alleged mental and emotional stress, "WES Mental Health," and referred to the Americans with Disabilities Act, claiming that he was diagnosed in May 2021 with "MUSCULOSKELETAL."  (*Id.*)  Govan did not state what damages or relief he sought from the Court, nor did he set forth any facts explaining why he was entitled to relief.

In the October Memorandum, the Court determined that despite the difficulty in understanding the exact nature of Govan's claims, his claims against the PHRC were not legally plausible because the PHRC, as an agency of the Commonwealth of Pennsylvania, shares in the

---

[2] Unless otherwise indicated, the factual allegations set forth in this Memorandum are taken from Govan's SAC. (ECF No. 10).  The Court adopts the pagination assigned by the CM/ECF docketing system.  Grammar, spelling, and punctuation errors are cleaned up where necessary.

Commonwealth's Eleventh Amendment immunity and is not a "person" for purposes of § 1983. October Memorandum, 2025 WL 3036502, at *5. With respect to Govan's remaining claims against the individually named Defendants, the Court concluded that he failed to allege their personal involvement in any constitutional injury. *Id.* (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (holding that the personal involvement of each defendant in the alleged constitutional violation is a required element, and a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims)). Additionally, the Court determined that Govan's Complaint failed to comply with Rule 8 because he did not state a demand for relief or include facts to support a claim of relief. *Id.* Finally, while the Court reviewed the attachments to Govan's Complaint, he was informed that he could not state a claim by relying solely on exhibits, absent factual allegations in the Complaint that explain the basis for his legal claims. *Id.* at *6. The Court dismissed Govan's claims against the PHRC with prejudice, and the remainder of his Complaint was dismissed without prejudice for failure to state a claim for relief and for failure to comply with Rule 8. *Id.*

In the SAC, consisting of the Court's form and attachments, Govan indicates that the basis for this Court's jurisdiction is both federal question and diversity of citizenship.[3] (SAC at 3.) The claims in the SAC once again are vague and disjointed. Govan avers that he visited a doctor on May 11, 2021 for musculoskeletal issues and to obtain pain relief treatment for his right knee.[4] (*Id.* at 5.) He started working at Amazon, LLC a few days later, on approximately

---

[3] Govan does not raise any specific state law claims, and his citation to a section of the Pennsylvania Code is made as part of his procedural due process claim. Moreover, Govan provides Pennsylvania addresses for himself and each Defendant. (*See* SAC at 2-3.) Based on his own allegations, the parties are not diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

[4] Govan attaches copies of medical records to his SAC, seemingly to support these assertions. (SAC at 7, 12-13.)

May 13, 2021. (*Id.*)  Govan alleges that Amazon had him "working in a freezer for over 2½ hours" on June 27, 2021. (*Id.*)  He claims that he had "visual impairments" and had run out of "medication for [his] vision," and an "emergency appointment was made" for June 29, 2021. (*Id.*)

On July 5, 2021, Govan filed a discrimination complaint with the PHRC against Amazon, and he received a stamped copy of his complaint on July 8, 2021 from Defendant Rue. (*Id.* at 4.)  He claims that Amazon filed an answer to his complaint on October 29, 2021. (*Id.* at 5.)  Govan also alleges that he filed a police report on April 15, 2022 because Amazon Disability and Leave Service was harassing him with phone calls and threats of termination "in the early mornings and late at night for a week." (*Id.* at 5, 8.)  Govan was informed by a police detective that because he already had a complaint pending with the PHRC, he should inform the investigator at PHRC of the alleged conduct. (*Id.* at 5.)  Govan advised Rue who allegedly told him to file a complaint with the United States Department of Health and Human Services Office of Civil Rights ("OCR"). (*Id.*)  According to an attachment to the SAC, Govan filed a complaint with the OCR on April 22, 2022, and in response, the OCR informed him that it did not have authority to investigate his complaint because Amazon Disability and Leave Service was not a covered entity under the privacy and security rules. (*Id.* at 11.)

Based on the foregoing allegations, Govan alleges that his Fifth Amendment rights have been violated, and he also lists "fraud – mail – wire," citing to 18 U.S.C. § 1341[5] and 16 Pa.

---

[5] Courts have held that there is no private right of action created by the federal mail fraud statute, 18 U.S.C. § 1341.  *See Jones v. TD Bank*, 468 F. App'x 93, 94 (3d Cir. 2012) (*per curiam*) ("To the extent that Jones attempted to sue under the Federal Mail Fraud statute, 18 U.S.C. § 1341, he lacked a private right of action to do so." ) (citing *Wisdom v. First Midwest Bank*, 167 F.3d 402, 408 (8th Cir. 1999) (collecting cases)).  This claim is not plausible and will be dismissed with prejudice.

4

Code § 42.61.  (*Id.* at 3.)  He contends that he "never received any documents indicating approval or disapproval of a preliminary hearing."[6]  (*Id.*)  He seeks $500,000 in monetary damages "for the pain and suffering" he has experienced since June 9, 2021.  (*Id.* at 5.)

## II.     STANDARD OF REVIEW

Because Mr. Govan has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen and dismiss the SAC if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant.  Whether a pleading fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the SAC contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the facts alleged in the SAC as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the SAC contains facts sufficient to state a plausible claim.  *Shorter v. United States*, 12 F.4th

---

[6] 16 Pa. Code § 42.61 provides that:

> Whenever a case is closed, the Commission will notify all parties in writing of the following:
> (1) The closing, together with a statement of the reason therefor.
> (2) The right of the complainant to request a preliminary hearing in accordance with § 42.62 (relating to request for a preliminary hearing).
> (3) The right of the complainant to bring an action in the court of common pleas of the county wherein the alleged unlawful discriminatory practice took place.  The duty of the complainant to serve a copy of the court complaint on the Commission, in an action so brought, at the same time the complaint is filed in court.

Attached to the SAC are letters reflecting Govan's request for a preliminary hearing and the PHRC's acknowledgment his request.  (SAC at 14-15.)

5

366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* Complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it by name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

**III.     DISCUSSION**

Govan appears to assert due process claims, which may be brought in a federal court pursuant to 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Liberally construing his claims, it appears that Govan avers that his due process rights were violated by Defendants at some point because he did not receive any notification as to whether his preliminary hearing request was granted or denied, as required by 16 Pa. Code § 42.61 of the PHRC's Special Rules of Administrative Practice and Procedure.

As with his initial Complaint, Mr. Govan has again failed to allege the personal involvement of several of the Defendants in any constitutional injury. *See* October Memorandum, 2025 WL 3036502, at *5 (citing *Rode*, 845 F.2d at 1207). As Govan was previously told, a complaint must articulate actions taken by each defendant in relation to the plaintiff's claims in a manner that is not ambiguous or confusing. *Id.* at *4 (citing *Garrett*, 938 F.3d at 93). The SAC, however, asserts no allegations against Defendants Millard or Williams and therefore, any claims against them are implausible. *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). With respect to Defendants Rue and Chapman, the only allegations Govan makes are that Rue acknowledged his filing of a PHRC complaint and later directed him to the OCR to report Amazon's alleged conduct (SAC at 4), while Chapman remarked that a certified record did not exist concerning Mr. Govan's petition for review (SAC at 5). This conduct fails to give rise to a plausible due process claim.

A plaintiff may assert a Fourteenth Amendment claim under the "procedural" aspect of the Due Process Clause, which guarantees fair procedure for the deprivation of a constitutionally protected interest in life, liberty, or property. *Zinermon v. Burch,* 494 U.S. 113, 125 (1990). The alleged failure to notify Govan as to whether his preliminary hearing request was granted or denied, however, cannot be a plausible procedural due process violation because the United States Court of Appeals for the Third Circuit has stated that "although a complainant may request a preliminary hearing to determine whether the complaint was properly dismissed, the PHRC need not grant one whenever one is requested." *See Cook v. Floyd*, 398 F. App'x 702, 704 (3d Cir. 2010) (*per curiam*) (citing 16 Pa. Code § 42.62; *Baker v. Pa. Hum. Rels. Comm'n*,

7

489 A.2d 1354, 1357-58 (Pa. 1985)). Moreover, Mr. Govan cannot make out a due process claim against the named Defendants, who are all PHRC employees, because the "PHRC's determinations are not binding or unappealable." *Id.*; *see also Kehres v. Pa. Hum. Rels. Bd. of Rev.*, No. 05-3498, 2005 WL 2456005, at *2 (E.D. Pa. Oct. 5, 2005) (finding there was no violation of plaintiff's due process rights, even if the PHRC employees failed to properly investigate the plaintiff's claims and failed to consider evidence that plaintiff sent them, as determinations by the PHRC are not binding).

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss the SAC with prejudice and without leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court concludes that further attempts at amendment would be futile. *See Posey v. Klinefelter*, No. 25-1428, 2025 WL 1937084, at *2 (3d Cir. July 15, 2025) (*per curiam*) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them.") (quoting *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) (*per curiam*); *Jones v. Unknown D.O.C. Bus Driver & Transportation Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"); *Robinson v. Delbalso*, No. 22-2378, slip op. at 5 (3d. Cir. Nov. 28, 2022) (*per curiam*) ("[B]ecause Robinson has had two opportunities to amend his complaint, declining to grant further leave to amend was proper."). An appropriate Order dismissing this case will be entered separately. *See* Fed. R. Civ. P. 58(a).

**BY THE COURT:**

**/s/ Gerald Austin McHugh**

**GERALD A. MCHUGH, J.**